```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
  SHAWN C. CUTTING,                                         :
                                                            :
                              Plaintiff,                    :
                                                            :           23-CV-6040 (VSB)
                  -against-                                 :
                                                            :                ORDER
  RIVELES WAHAB LLP, SIMON RIVELES,                         :
  KAISER WAHAB, and TERRENCE                                :
  GRIFFITHS,                                                :
                                                            :
                              Defendants.                   :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge

      Plaintiff Shawn Cutting last participated in this case on May 1, 2024. Since then, I have dismissed the two unrepresented corporate entities with whom he filed suit and twice directed Mr. Cutting to file a letter demonstrating an intent to prosecute this case himself, warning him repeatedly that his failure to comply would result in dismissal. Because Mr. Cutting has not responded to my prior orders or otherwise demonstrated an intent to prosecute this case, this action is DISMISSED without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**I.    Background**

      Plaintiffs Shawn Cutting, Crypto Traders Management, LLC ("CT LLC"), and Crypto Traders Fund, LP ("CT LP"), all proceeding pro se, initiated this action by filing a complaint on July 13, 2023. (Doc. 1.) Plaintiffs assert a single claim for legal malpractice, alleging that Defendants were negligent by failing to file a Form D with the Securities and Exchange Commission. (*Id.*)

On December 7, 2023, Defendants filed a motion to dismiss the complaint under Rule 12(b)(6). (Doc. 15.) Because limited liability corporations and limited partnerships must be represented by counsel in federal court, *see Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 192 (2d Cir. 2006); *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 130 (2d Cir. 2011), I ordered Mr. Cutting to file a letter by January 18, 2024 stating whether he intends on retaining counsel to represent CT LLC and CT LP in this lawsuit. (Doc. 16.) My order warned Mr. Cutting that his failure to file such a letter could result in dismissal of the case for failure to prosecute under Rule 41(b). (*Id.*) After Mr. Cutting failed to respond to my order, I sua sponte extended the deadline for him to do so until February 15, 2024. (Doc. 17.) My order again warned Mr. Cutting that his failure to comply would result in dismissal of his case. (*Id.*)

On February 15, 2024, Mr. Cutting filed a letter explaining that he "fully intends [on] retain[ing] counsel" and on opposing the pending motion to dismiss. (Doc. 18.) To afford Mr. Cutting time to locate counsel, I stayed the case and directed Mr. Cutting to file a status update by March 19, 2024. (Doc. 19.) On March 18, 2024, Mr. Cutting filed a detailed letter setting forth the efforts he had made to find counsel, the challenges he had faced in doing so, and the next steps he planned on taking. (Doc. 20.) In light of Mr. Cutting's representations, I extended the deadline for him to secure counsel and directed him to file another letter by April 30, 2024. (Doc. 21.) On May 1, 2024, Mr. Cutting filed a letter stating that had so far been unable to secure legal representation. (Doc. 23.) Defendants also filed a letter asking that I direct Mr. Cutting to oppose the pending motion to dismiss, whether through counsel or pro se. (Doc. 22.) Because over four months had passed since I first directed Mr. Cutting to secure counsel on behalf of the unrepresented corporate entities, I dismissed CT LLP and CT LP without prejudice for failure to prosecute under Rule 41(b). (Doc. 24.) I further directed Mr. Cutting to file a letter

stating whether "intends on responding to Defendants' pending motion to dismiss," warning him that failure to comply "will result in dismissal of the suit for failure to prosecute." (Doc. 24.) When Mr. Cutting failed to respond to my order, I sua sponte extended the deadline for him to do so until August 2, 2024. (Doc. 26.) With no response from Mr. Cutting, Defendants filed a letter on August 8, 2024 requesting that I dismiss the action in light of Mr. Cutting's failure to prosecute. (Doc. 27.)

**II.    Legal Standard**

Rule 41(b) permits a district court to dismiss an action for failure to prosecute. Fed. R. Civ. P. 41(b). Such dismissals are matters committed to the Court's discretion. *See Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962). Although dismissal is a "harsh remedy that should be utilized only in extreme situations," *Lewis v. Rawson*, 564 F.3d 569, 575–76 (2d Cir. 2009) (internal quotation marks omitted), "the authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts," *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982). A district court considering a Rule 41(b) dismissal must consider the following five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (internal quotation marks omitted). No single factor is dispositive. *See id.*

Dismissal is an extreme sanction and must be preceded by notice and an opportunity to be heard. *See id*. at 217. Dismissal with prejudice has "harsh consequences for clients, who may be blameless," and is reserved for "extreme situations." *Id.* (internal quotation marks omitted). Similarly, dismissal of a pro se litigant's complaint for failure to prosecute is appropriate "only when the circumstances are sufficiently extreme." *Id.* (internal quotation marks omitted).

### III.    Discussion

Weighing the factors listed above, I conclude Mr. Cutting has willfully abandoned his pursuit of this action and that it should be dismissed without prejudice.

First, by my orders of May 8, 2024 and July 15, 2024, Mr. Cutting had until May 28, 2024, and August 2, 2024, respectively, to advise me whether he intends on continuing to prosecute this case. (Docs. 24 & 26.) His response is twice overdue. Indeed, Mr. Cutting has not participated in this case since May 1, 2024. *See Peters v. Dep't of Corr.*, 306 F.R.D. 147, 149 (S.D.N.Y. 2015) (dismissing pursuant to Rule 41(b) after two months of pro se plaintiff's failure to respond to an order to show cause why the case should not be dismissed); *Portorreal v. City of New York*, 306 F.R.D. 150, 152–53 (S.D.N.Y. 2015) (dismissing pursuant to Rule 41(b) after repeated extensions and two months of noncompliance by counseled plaintiff); *Jankowski v. Eric M. Taylor Ctr.*, No. 14-CV-7434, 2015 WL 3939186, at *3 (S.D.N.Y. June 25, 2015) (dismissing pursuant to Rule 41(b) where pro se plaintiff was noncompliant for eight months).

Second, Plaintiff was expressly advised in my May 8, 2024 and July 15, 2024 orders that this action would be dismissed if he failed to respond. (Docs. 24 & 26.) He is thus "on notice" that the action is ripe for dismissal. *Baptiste*, 768 F.3d at 216.

Third, the prejudice to Defendants of dismissing the action is limited since this case is in its very early stages. *See Jankowski*, 2015 WL 3939186, at *3. On the other hand, Defendants

do suffer prejudice from having "the threat of a possible judgment hanging over them" indefinitely in a case that is not advancing toward a final resolution in any way. *Portorreal*, 306 F.R.D. at 153; *see also Peters*, 306 F.R.D. at 149.

Fourth, although this stalled case has not "strained [my] docket in any unusual way," *Baptiste*, 768 F.3d at 218, Mr. Cutting has received a full and fair opportunity to be heard and has simply chosen not to avail himself of it. *See Hibbert v. Apfel*, No. 99-CV-4246, 2000 WL 977683, at *3 (S.D.N.Y. July 17, 2000) ("It is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts.").

Fifth, I have considered the possibility of lesser sanctions and determined that none would be effective because Plaintiff is not participating in this litigation in any way and therefore cannot be sanctioned except by dismissal. *Cf. Jankowski*, 2015 WL 3939186, at *4 ("The Court is unaware of how a lesser sanction than dismissal would prompt Plaintiff to comply with the Court's orders given that Plaintiff has not responded to the Court's orders or otherwise communicated an intention to participate in this case."); *Peters*, 306 F.R.D. at 150 ("[S]anctions less extreme than dismissal are inappropriate given that Plaintiff has been completely uncommunicative with the Court for over six months despite orders notifying him of possible and certain dismissal."). However, I conclude that the dismissal should be without prejudice because the circumstances of this case are not "extreme" relative to other cases involving non-diligent pro se plaintiffs. *LeSane*, 239 F.3d at 209.

### IV. Conclusion

For the foregoing reasons, this action is DISMISSED without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of Court is respectfully

5

directed to mail a copy of this order to the pro se Plaintiff at his last known address and close the case.

SO ORDERED.

Dated: August 14, 2024
      New York, New York

*(signature)*
Vernon S. Broderick
United States District Judge